```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
                                       )
JAMES WARE,                            )
                                       )
        Petitioner,                    )
                                       )
        v.                             )    CIVIL ACTION
                                       )    NO. 10-12216-WGY
PETER PEPE,                            )
                                       )
        Respondent.                    )
                                       )
```

MEMORANDUM AND ORDER

YOUNG, D.J.                                           December 30, 2010

For the reasons set forth below, the Court denies without prejudice the petition under 28 U.S.C. § 2241 and dismisses this action.

**I.   Background**

On December 21, 2010, James Ware, who is incarcerated at MCI Cedar Junction, filed a § 2241 petition for a writ of habeas corpus and a motion for appointment of counsel.  Ware is challenges his 1998 convictions in Suffolk Superior Court for felony murder, armed robbery, and other crimes. Ware states that, as part of his petition, he seeks reconsideration of the October 22, 2009 ruling of Judge George A. O'Toole on Ware's motion concerning a certificate of appealability in a earlier-filed petition under 28 U.S.C. § 2254.  The earlier § 2254 petition, which was denied by Judge O'Toole, see Ware v. O'Brien, C.A. No. 07-10345-GAO (D. Mass. May 15, 2009) (docket entry #21), aff'd,

App. No. 09-1851 (1st Cir. Nov. 23, 2010), concerned the same convictions that Ware seeks to challenge in this § 2241 action.

**II. Discussion**

The petition has not been served pending the Court's preliminary review of the action. A district court is not obligated to require a respondent to answer a habeas petition if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]." 28 U.S.C. § 2243 para 1.

Here, the Court must deny the petition without prejudice because it is without jurisdiction to entertain this action.

Before "a second or successive application [under 28 U.S.C. § 2254] is filed in the district court, the applicant shall move in the in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Where a litigant bringing a successive § 2254 petition has not complied with the requirements of § 2244(b)(3)(A), the district court is without jurisdiction to entertain the merits of the petition. See Rodwell v. Pepe, 324 F.3d 66, 72-73 (1st Cir. 2003).

As noted above, Ware has already brought in this Court a § 2254 petition challenging the convictions at issue in this action. Although the Court recognizes that Ware has characterized the present petition as one brought under § 2241,

2

his choice of label does not permit him to avoid the limitations on successive § 2254 petitions. As the First Circuit has explained:

> A state habeas petitioner in custody pursuant to the judgment of a state court may not evade the "second or successive" restrictions of § 2244 by bringing his petition under § 2241 rather than § 2254. See, e.g., Medberry v. Crosby, 351 F.3d 1049, 1060-61 (11th Cir. 2003), cert. denied, 541 U.S. 1032, 124 S. Ct. 2098, 158 L. Ed.2d 714 (2004) (No. 03-9165); Cook v. New York State Division of Parole, 321 F.3d 274, 278-79 & n. 4 (2d Cir. 2003); Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001). As the Third Circuit explained, "both Sections 2241 and 2254 authorize [petitioner's] challenge to the legality of his continued state custody," but allowing him to file his "petition in federal court pursuant to Section 2241 without reliance on Section 2254 would . . . thwart Congressional intent." Coady, 251 F.3d at 484-85. Thus, a state prisoner in custody pursuant to the judgment of a state court may file a habeas corpus petition, as authorized by § 2241, but he is limited by § 2254. Cf. United States v. Barrett, 178 F.3d 34, 49-50 (1st Cir.1999), cert. denied, 528 U.S. 1176, 120 S. Ct. 1208, 145 L. Ed.2d 1110 (2000) (holding that federal prisoner could not evade restrictions on successive § 2255 petitions by resort to § 2241).

Brennan v. Wall, 100 Fed. Appx. 4-5 (1st Cir. 2004).

ORDER

Accordingly, the petition is denied without prejudice. If the petitioner wishes to pursue this petition, he must first obtain permission from the First Circuit to file a second or successive § 2254 petition. The motion for appointment of counsel is also denied, and this action shall be dismissed.

SO ORDERED.

/s/ William G. Young
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE

3